UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ALBERT H. BORDEN,                   :
                                    :   Civil Action No. 09-1738 (NLH)
            Petitioner,             :
                                    :
      v.                            :   **OPINION**
                                    :
GEORGE W. HEYMAN, et. al.,          :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

> ALBERT H. BORDEN, Petitioner Pro Se
> # 000399
> Adult Diagnostic and Treatment Center
> CN-905/STU-Annex
> Avenel, New Jersey 07001

**HILLMAN**, District Judge

This matter is before the Court on petitioner Albert H. Borden's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because petitioner is challenging his New Jersey conviction and sentence, his petition is more properly characterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his

1

§ 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

## I.   PROCEDURAL BACKGROUND

Petitioner, Albert H. Borden ("Borden"), filed a petition for habeas corpus relief on or about March 31, 2009.[2] According to the allegations contained in his petition, Borden was convicted, on or about January 12, 2001, pursuant to a guilty

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer.  Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Borden handed his petition to prison officials for mailing, Borden signed a certification of his petition on March 31, 2009.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that March 31, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on April 6, 2009.

plea to third degree endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4(a), in the Superior Court of New Jersey, Burlington County.  On April 12, 2001, at the sentencing hearing, the sentencing court rejected the plea agreement between the State and Borden, which had recommended a sentence limited to no more than 364 days in jail with a concurrent sentence for a probation violation, and the court advised Borden that he had the right to withdraw his guilty plea and reinstate his not guilty plea and proceed to trial.  The judge also advised Borden that an evaluation conducted by the Adult Diagnostic and Treatment Center ("ADTC") had determined that he qualified as a repetitive and compulsive sex offender under N.J.S.A. 2C:47-3.  Borden told the sentencing court that he did not wish to change his plea or challenge the ADTC evaluation.  Accordingly, the court sentenced Borden to four years in prison to be served at the ADTC, with a concurrent 18-month sentence for a probation violation.  Borden was advised that he had the right to file an appeal within 45 days, but Borden elected not to do so.  State v. Borden, 2007 WL 2780837 (N.J. Super. A.D., Sept. 26, 2007).

    Thereafter, on December 11, 2003, the Supreme Court of New Jersey decided State v. Bellamy, 178 N.J. 127 (2003),[3] and six

---

[3] In State v. Bellamy, the Supreme Court of New Jersey held that civil commitment under the Sexually Violent Predator Act

months later, on June 10, 2004, Borden filed a petition for post-conviction relief ("PCR") in state court.  In his petition, Borden indicated that he had served his criminal sentence, and he was now involuntarily committed under the SVPA.  Borden argued that his criminal conviction should be vacated because his trial attorney was ineffective and failed to advise him before he entered his guilty plea that the SVPA would apply to him.  The state PCR court denied relief to Borden, expressly finding:

> The holding in Bellamy was specifically given limited retroactive effect by our [c]ourt.  This category of retroactivity applies only to cases pending direct review at the same [time] ... the Bellamy decision was handed down.  [Defendant] never filed a direct appeal and therefore cannot be said to have a case pending at the time Bellamy was decided.

Borden, 2007 WL 2780837 *1.

Borden appealed, and the Appellate Division affirmed the state PCR court's denial of relief on September 26, 2007.

---

("SVPA") is neither penal nor direct, but fundamental fairness requires that a trial court, prior to accepting a plea to a predicate offense under the SVPA, must ensure that the defendant understands that there is a possibility of future commitment under the SVPA, and that the commitment may be for an indefinite period of time, up to and including lifetime commitment.  The Court further held that a trial court must inform a defendant of these consequences prior to accepting a guilty plea, and that an appropriate remedy is remand to allow a defendant to move to withdraw his plea.  However, this new rule of law was to be given limited retroactive application.

4

Borden, 2007 WL 2780837 *2.  The Supreme Court of New Jersey denied certification on April 1, 2008.

Borden filed this federal habeas petition on March 31, 2009. He claims that the state courts erred in denying post-conviction relief based on Bellamy's limited retroactive applicability to only those cases on direct review at the time it was decided.

## II. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

5

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1083 (2007); Stokes v. District Attorney of the County of Philadelphia, 247

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001). Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Borden's judgment of conviction became final after the enactment of AEDPA.  Because Borden did not file a direct appeal, his conviction and sentence became final, and his statute of limitations for filing a habeas petition began to run, on the date on which the time for filing a direct appeal expired.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Here, the judgment of conviction was entered on April 12, 2001, and under New Jersey state court rules, the time for filing a direct appeal expired 45 days thereafter, on or about May 27, 2001.  See N.J.Ct.R. 2:4-1(a).  Thus, for purposes of determining when the statute of limitations would start to run, Borden had one year from May 27, 2001, or until May 27, 2002, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Borden would have had to file his state PCR petition before the one-year period had expired, or before May 27, 2002.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Borden did not file his state PCR petition until June 10, 2004, more than two years after the statute of limitations had expired.

Consequently, his habeas petition is time-barred under 28 U.S.C. § 2244(d).

Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Borden may be able to overcome this statutory time bar if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised

reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[5] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d

---

[5] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

10

Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Borden to show cause why his petition should not be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Borden to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

                                         s/Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

DATED: April 22, 2009

At Camden, New Jersey